United States District Court
Middle District of Florida
Jacksonville Division

**BRANDEN K. ZAHNLE,**

    *Plaintiff,*

v.                                  No. 3:18-cv-1132-J-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

# Order

In this case seeking review of a decision of the Commissioner of Social Security, Branden Zahnle has filed an unopposed motion to seal the certified administrative transcript, Doc. 11, due to privacy concerns. Doc. 17; Doc. 17-1.

"Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng., Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). A court may determine which parts of the record should be sealed, but its discretion is guided by the presumption of public access. *Perez-Guerrero v. U.S. Attorney General*, 717 F.3d 1224, 1235 (11th Cir. 2013). "Many a litigant would prefer that the subject of the case ... be kept from the curious ..., but the tradition that litigation is open to the public is of very long standing." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000).

"Judges deliberate in private but issue public decisions after public arguments based on public records[.] Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Perez-Guerrero*, 717 F.3d at 1234 (quoted authority omitted). Because the court "is the primary representative of the public interest in the judicial process,"

it must carefully review even an uncontested sealing request. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

For social-security actions, to balance the competing interests involved (the public's right to access to court records and an individual's right to keep medical and other information private), the United States Judicial Conference drafted Federal Rule of Civil Procedure 5.2(c):

> Unless the court orders otherwise, in an action for benefits under the Social Security Act, … access to an electronic file is authorized as follows: (1) the parties and their attorneys may have remote electronic access to any part of the case file, including the administrative record; (2) any other person may have electronic access to the full record at the courthouse, but may have remote electronic access only to: (A) the docket maintained by the court; and (B) an opinion, order, judgment, or other disposition of the court, but not any other part of the case file or the administrative record.

Fed. R. Civ. P. 5.2(c).[1]

Considering the careful balance reflected in Rule 5.2(c), other courts have rejected sealing requests by social-security plaintiffs in "great distress" over public availability of medical and other private information. *See Nelson v. Comm'r of Soc. Sec.*, No. 14 CIV. 1109 (ENV), 2017 WL 1314118, at *2 (E.D.N.Y. Apr. 6, 2017) (unpublished) (quoted); *Ricks v. Colvin*, No. CV RWT 14-1607, 2016 WL 97854, at *7 (D. Md. Jan. 8, 2016) (unpublished); *Crossman v. Astrue*, 714 F. Supp. 2d 284, 289 (D. Conn. 2009). One court explained that this "unfortunate" situation is "the consequence of a public dispute resolution system financed with taxpayer funds":

> [N]or, surely, is Nelson alone in unhappiness. In Social Security cases, orders regularly include sensitive personal health information regarding a claimant's disability. But, we do not have Star Chamber

---

[1]Mr. Zahnle represents he remotely accessed the administrative record through Pacermonitor.com. That may be the case because Pacer recognizes him as a party or attorney entitled to view the documents. The general public would not have access to those same documents on Pacer. *See* Fed. R. Civ. P. 5.2.

> justice in the United States. Access by the media, the legal profession and the public at large to courts deciding cases openly on the public record helps solidify that arrangement[.] … Nelson's predicament is no different than that facing any other social security claimant who brings her case in federal court, and, at bottom, nothing in Nelson's file qualifies for sealing, … neither Nelson's case (broadly) nor the Order (specifically) will be ordered sealed[.]

*Nelson*, 2017 WL 1314118, at *2.

While Mr. Zahnle's privacy interests are strong and understandable, he offers nothing that would make his circumstances materially different from those of others challenging a decision by the Commissioner. Were his motion granted, the Court would be compelled by consistency to grant all similar motions, which would undesirably undermine Rule 5.2(c) and render the public unable to scrutinize judicial decisions about government actions.

The Court **denies** the motion to seal, Doc. 17, without prejudice to filing a motion that provides unique justification or requests redactions of particular personal identifiers or other information not pertinent to a decision on the merits.[2]

**Ordered** in Jacksonville, Florida, on March 5, 2019.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:    Counsel of record

---

[2]With any motion that requests redactions of particular personal identifiers or other information not pertinent to a decision on the merits, Mr. Zahnle should hand deliver to the clerk's office the complete certified administrative transcripts with the proposed redactions.